ORIGINAL

FLORENCE T. NAKAKUNI         #2286
United States Attorney

BEVERLY WEE SAMESHIMA        #2556
Chief, Drug and Organized Crime Section

JONATHAN M. F. LOO
Assistant U.S. Attorney
Room 6100, Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:    Jonathan.Loo@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUL 02 2013
at 10 o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 12-01253 LEK |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT |
| vs. | |
| LINTON NICHOLSON, (02) | Date: July 2, 2013 |
| Defendant. | Time: 10:00 a.m. |
| | Judge: Hon. Leslie E. Kobayashi |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, LINTON NICHOLSON, (hereinafter "defendant" or "Nicholson"), and his attorney, Lynn Panagakos, Esq., of Honolulu, HI, have agreed upon the following:

   1.   Defendant acknowledges that he has been charged in the Indictment with conspiring to distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine,

its salts, isomers and salts of its isomers, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A) (Count 1), possession with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) (Count 2), and possessing a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A) (Count 3), including a forfeiture allegation seeking forfeiture of the following property: a) One (1) Smith and Wesson revolver, .38 caliber, serial number 718027, and thirty-six (36) rounds of .38 caliber ammunition seized on November 5, 2011 from a residence located at 415 South Street, Unit 1504, Honolulu, Hawaii pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

  2. Defendant has read the charges and allegations against him contained in the Indictment, and these charges have been fully explained to him by his attorney.  In making his decision to plead guilty, defendant has had the full opportunity to consult with his undersigned defense attorney, and he is fully satisfied with the legal representation and advice he has received from his defense attorney.

3.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.  Defendant will enter a voluntary plea of guilty to Counts 1 (conspiracy to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers) and 3 (possession of a firearm in furtherance of a drug trafficking crime) of the Indictment and agrees to forfeit: a) One (1) Smith and Wesson revolver, .38 caliber, serial number 718027, and thirty-six (36) rounds of .38 caliber ammunition seized on ~~November 5, 2011~~ December 4, 2012 [initials] from a residence located at 415 South Street, Unit 1504, Honolulu, Hawaii as property used, or intended to be used, to facilitate the offense alleged in Count 1 of the Indictment, and as property involved in the offense alleged in Count 3 of the Indictment. In exchange, the United States agrees to dismiss the remaining counts of the Indictment against the defendant at the time of sentencing.

5.  Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record herein.

6.  Defendant enters these pleas because he is in fact guilty of the crimes charged against him in the Indictment, and he also agrees that this plea is voluntary and not the result of force or threats.

7. Defendant understands that the statutory penalty for the offense charged in Count 1 to which he is pleading guilty is

3

a mandatory minimum term of imprisonment of ten years, a maximum term of imprisonment of life, and a fine of up to $10,000,000, or both. See 21 U.S.C. § 841(b)(1)(A). Defendant further understands that the statutory penalty for the offense charged in Count 3 to which he is pleading guilty is a mandatory term of imprisonment of at least five (5) years and up to life, with the term of imprisonment to be served consecutively to any other term of imprisonment, a fine of up to $250,000, or both, and a term of supervised release of not more than five (5) years, and as to the forfeiture allegation, the forfeiture of a) One (1) Smith and Wesson revolver, .38 caliber, serial number 718027, and thirty-six (36) rounds of .38 caliber ammunition seized on ~~November 5, 2011~~ December 4, 2012 [initials 7/2/13] from a residence located at 415 South Street, Unit 1504, Honolulu, Hawaii which constitutes property that Defendant admits he used to facilitate the offense charged in Count 1 and property Defendant admits was involved in the offense charged in Count 3.

       (A) At the discretion of the Court, defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more

4

conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

    (B)   In addition, the Court must impose a $100 special assessment as to each felony count to which the Defendant is pleading guilty.  Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.  Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

    8.   Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

    a.   On or about December 2, 2012, co-defendants THOMAS JACKSON and CLAUDE SORRELLS, Jr., and the Defendant flew from Sacramento, California to Honolulu, Hawaii.

    b.   On or about December 2, 2012, the co-defendant THOMAS JACKSON was provided with a red suitcase containing methamphetamine by the Defendant, which JACKSON

5

transported to a residence located at 415 South Street, Unit 1504, Honolulu, Hawaii. Co-defendant THOMAS JACKSON then turned over the suitcase with the methamphetamine to the Defendant and co-defendant CLAUDE SORRELLS, Jr.

        c.    Defendant and co-defendant CLAUDE SORRELLS, Jr., were the registered tenants of 415 South Street, Unit 1504 and had paid the rent for the unit.

        d.    On or about December 4, 2012, co-defendants THOMAS JACKSON and CLAUDE SORRELLS, Jr., and the Defendant possessed approximately 1.39 kilograms of methamphetamine which came out of the suitcase and was being stored at 415 South Street, Unit 1504. This methamphetamine was to be sold to customers in Honolulu, Hawaii.

        e.    On or about December 4, 2012, the co-defendant THOMAS JACKSON possessed approximately 48 grams of methamphetamine which was found in his black shaving kit in the bedroom of Unit 1504 that he was occupying. This was also part of the methamphetamine which came out the suitcase.

        f.    The drugs recovered from 415 South Street were submitted to the DEA Southwest Laboratory for analysis and determined to be 1,359 grams of 97.6% pure methamphetamine hydrochloride and 219 grams of 98.1% pure methamphetamine hydrochloride.

g. On or about ~~November 5, 2011~~ December 4, 2012 [JMFL 7/2/13] [JEP 7/2/13] [7/2/13], Defendant possessed one (1) Smith and Wesson revolver, .38 caliber, serial number 718027, and thirty-six (36) rounds of .38 caliber ammunition which was to be used to protect himself and his co-defendants from being robbed of drugs and drug proceeds.

9. Defendant agrees to immediately and voluntarily forfeit to the United States all of his right, title, and interest in the property described in the Forfeiture Allegation of the Indictment and to take all necessary actions to expeditiously implement this forfeiture and to pass clear title to the property to the United States. These actions on defendant's part include, but are not limited to, surrender of title, and the signing of a Preliminary Order of Forfeiture, a Final Order of Forfeiture, and any other relevant documents necessary to effect transfer of title to the United States. Defendant waives all interests in and claims to the property, and hereby consents to the forfeiture of the property to the United States. The defendant knowingly and voluntarily waives any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited property. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of property. The forfeiture may be processed through administrative, civil judicial, or criminal proceedings in the

Government's sole discretion.  Defendant hereby waives, and agrees to the tolling of, any rule or provision of law limiting the time for commencing, or providing notice of, any administrative or civil judicial forfeiture proceeding with respect to the property, including but not limited to, such limitations contained in 18 U.S.C. § 983, 19 U.S.C. § 1621, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the property.  Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of forfeiture in defendant's presence at sentencing, and incorporation of the forfeiture in the judgment.  Defendant acknowledges that he understands that the forfeiture of the property, if the Government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon defendant in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the change-of-plea hearing.  Pursuant to Rule 32.2(b)(4), defendant will promptly consent to the preliminary order of forfeiture becoming final as to defendant before sentencing if so requested by the Government to do so.

Defendant represents and warrants to the government that he has no interest, either direct or indirect, whether held in his own name, or in the name of another person or entity, in any other property, real or personal, that would be subject to forfeiture on the basis of violations covered by this Agreement. Defendant understands and acknowledges that the government is relying upon defendant's representations in entering into this Agreement.

Defendant further agrees that the forfeiture of the property described in the Forfeiture Allegation of the Indictment shall not be treated as satisfaction of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon defendant in addition to the forfeiture.

10. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

11. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate

to the following for the purpose of the sentencing of Defendant in connection with this matter:

      a.  The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant.  Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible.  The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

      12.  The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

      13.  The parties are presently unaware of any factual disputes affecting the sentencing of defendant herein.

14. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

    c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

  15. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. Subject to the exceptions noted in the previous paragraph, the Defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines. The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

  16. The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense

behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

17. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

    d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

    f. At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the Indictment.

   18. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

19. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

20. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

21. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

22. The Defendant agrees that he will fully cooperate with the United States.

    a. He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify in connection with this and other cases, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others indicted later in this and other investigations, and related

civil proceedings, as well as all other criminal cases in which he has assisted law enforcement authorities. Said cases in which defendant may be asked to testify could include those in other U.S. District Courts, as for example, the Eastern District of California.

          b.    Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office of the District of Hawaii and Eastern District of California at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

          c.    Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crime in this case or any subsequent charges related to the investigation in this case, at which the prosecution requests him to testify.

          d.    Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

          e.    Defendant shall not violate any Federal, State or local laws.

23. In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

24. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for the charge in the Indictment on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

   a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

17

      b.  This Agreement does not require the prosecution to make such a request or motion.

      c.  This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

      d.  Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

DATED: **JUL 0 2 2013**, Honolulu, Hawaii.

AGREED:

| | |
|---|---|
| | *[signature]* |
| | LINTON NICHOLSON |
| | Defendant |
| *[signature]* | |
| FLORENCE T. NAKAKUNI | |
| United States Attorney | |
| District of Hawaii | |
| *[signature]* | *[signature]* |
| BEVERLY WEE SAMESHIMA | LYNN PANAGAKOS |
| Chief, Drug and Organized Crime Section | Attorney for Defendant |
| *[signature]* | |
| JONATHAN M. F. LOO | |
| Assistant U.S. Attorney | |